**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
UNITED STATES OF AMERICA,

                                                      **ORDER**

         -against-                                01 **CR.** 497 (RMB)

REYNOLD RODRIGUEZ,

                         Defendant.
-------------------------------------------------------X

**I.**    **Background**

On or about June 27, 2002, Reynold Rodriguez ("Rodriguez" or "Defendant") plead guilty to four counts, namely two counts of attempted Hobbs Act Robbery; one count of Hobbs Act Robbery; and one count of Conspiracy to Commit Hobbs Act Robbery (in violation of 18 U.S.C. § 1951 and 2). On October 24, 2002, Rodriguez was sentenced to 108 months in prison and three years of supervised release and was also ordered to pay restitution (on the Hobbs Act Robbery count and on the Conspiracy to Commit Hobbs Act Robbery count) in the amount of $460,000.00.[1] Restitution was imposed as a joint and several liability with other co-defendants and was to be paid as follows: "If the [D]efendant is engaged in a BOP non-UNICOR work program, the [D]efendant shall pay $25 per quarter toward the criminal financial penalties. However, if the [D]efendant participates in the BOP's UNICOR program as a grade 1 through 4, the [D]efendant shall pay 50 percent of his monthly UNICOR earnings toward the criminal financial penalties, consistent with BOP regulations at 28 CFR 545.11. If any portion of the financial penalties remains unpaid at the time of defendant's release from prison, the remainder

---

[1] The Judgment and Commitment Order is dated November 5, 2002.

shall be paid during the term of the supervised release, at the rate of 20 percent of gross earnings monthly. The defendant shall become obligated to pay any balance (balloon obligation) within 60 days [prior to] the end of supervised release." See Judgment and Commitment Order dated November 5, 2002 at 6. By letter dated July 19, 2008, Defendant moved pro se to reduce the amount of restitution owed.[2] ("Def. Mot.") By letter dated August 18, 2008, the United States of America ("Government") responded that "The Mandatory Victim Restitution Act ('MVRA') does not permit this Court to reduce the total amount of restitution." Government Letter dated August 18, 2008 at 1. ("Govt Letter") The Government also stated: "Restitution was mandatory in this case. The MVRA makes full restitution mandatory for certain crimes, including [as here] crimes of violence." Govt Letter at 2.

**II.   Legal Standard**

18 U.S.C. § 3663A(a)(1) states in pertinent part: "the court **shall** order . . . that the defendant make restitution to the victim of the offense . . . " (emphasis added) 18 U.S.C. § 3663A(c)(1) states: "This section shall apply in all sentencing proceedings for convictions of, or plea agreements relating to charges for, any offense - -

> (A) that is - -
> (i) a crime of violence, as defined in section 16;
> (ii) an offense against property under this title, or under section 416(a) of the Controlled Substances Act (21 U.S.C. 856(a)), including any offense committed by fraud or deceit; or
> (iii) an offense described in section 1365 (relating to tampering with consumer products); and
>
> (B) in which an identifiable victim or victims has suffered a physical injury or pecuniary loss.

---

[2]Defendant submitted letters dated September 1, 2008 and November 24, 2008 seeking the same relief.

Additionally, 18 U.S.C. § 3664(f)(1)(A) states: "In each order of restitution, the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant."

"A sentence that imposes an order of restitution is a final judgment notwithstanding the fact that . . . such sentence can subsequently be . . . corrected under rule 35 of the Federal Rules of Criminal Procedure . . ." 18 U.S.C. § 3664(o)(1)(A); see also United States v. Frederick, No. 01 Civ. 7826, 2006 WL 2527827, at *2-3 (E.D.N.Y. Aug. 14, 2006). Under Rule 35, a "defendant [may] move for a correction of his sentence within seven days of the imposition of sentence where there is 'arithmetical, technical, or other clear error.'" United States v. Werber, 51 F.3d 342, 348 (2d Cir. 1995). The authorization for correcting a final judgment under Rule 35 is "very narrow," United States v. DeMartino, 112 F.3d 75, 79 (2d Cir. 1997), and the seven-day period provided is an absolute limitation. See also United States v. Morillo, 8F.3d 864, 869 (1st Cir. 1993).

### III.  Analysis

At the Defendant's October 24, 2002 sentencing, the Court imposed restitution in the amount of $460,000.00 and stated that restitution "is a joint and several liability with other co-defendants who may also be and also are responsible for restitution in that amount for those offenses." Transcript of proceedings held on October 24, 2002 at 22: 24-25; 23:1; see also 18 U.S.C. § 3663A(a)(1); 18 U.S.C. § 3664(f)(1)(A) and Govt Letter at 1-2 . The Court also stated it "considered the amount of loss sustained by victims as a result of the offense, the financial resources of defendant now and the projected financial resources of the defendant in the future, the financial needs and earning ability of the defendant and his dependents." Transcript of

3

proceedings held on October 24, 2002 at 23: 20-24. Additionally, the Court gave counsel the opportunity to send a letter to the Court, in the future, if the restitution amount were erroneous.[3] No such letter was ever submitted by either party. Indeed, the Defendant did not submit an application to reduce restitution until more than five years after sentencing, "far beyond the seven-day period permitted by Rule 35." See Werber, 51 F.3d at 348. "Since the narrow window of opportunity allowed under rule 35 closed," the Court lacks jurisdiction to modify its original sentence. United States v. Fahm, 13 F.3d 447, 454 (1st Cir. 1994); see also United States v. Abreau-Cabrera, 64 F.3d 67, 74 (2d Cir. 1995); Werber, F.3d at 348.

Moreover, the Defendant who is still incarcerated, has not notified the Court and the Attorney General of any material change in his economic circumstances that might affect his ability to pay restitution. See 18 U.S.C. § 3664(k); see also 18 U.S.C. § 3663A(a)(1) .

### IV. Conclusion

For the foregoing reasons, Defendant's application to reduce restitution [#185] is denied.

Dated: New York, New York
December 11, 2008

_____
**RICHARD M. BERMAN, U.S.D.J.**

---

[3] "[I]f counsel for the government feel that the amount is in error and you send me a letter, we'll revisit that issue of restitution." Transcript of proceedings held on October 24, 2002 at 16:18-20 and "[R]estitution jointly and severally in the amount of $460,000, unless you all tell me that that is in error and you would like to have me revisit that." Transcript of proceedings held on October 24, 2002 at 19:16-19.