USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/24/2020

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
UNITED STATES OF AMERICA,         :

                                  Government,     :

                      -against-                :

REYNOLD RODRIGUEZ,             :

                                  Defendant.      :
------------------------------------------------------------x

**DECISION AND ORDER**

01 Cr. 497 (RMB)

### I. Background

The Court has received a letter from Reynold Rodriguez ("Rodriguez" or "Petitioner"), pro se, dated April 29, 2019, requesting that the Court expunge or alternatively seal the court records relating to his criminal conviction for Hobbs Act Robbery, attempted Hobbs Act Robbery, and Conspiracy to commit Hobbs Act Robbery, on June 27, 2002. See infra p. 2. Petitioner requests that his criminal conviction be expunged because "[i]t's been 18 years . . . [and] I am trying to advance in my work field . . . [u]nfortunately I am always looked over [for promotions] . . . I pray that [the Court] may be able to help me in seeking expungement or [] seal[ing] my record." Petitioner's Letter, dated April 25, 2019 ("Pet'r's Letter"). Petitioner also requests that the Court terminate his restitution obligation. "[I]f I could request that my restitution be expunged as well [,] I'd like to request [that]." Pet'r's Letter. And, Petitioner requests that the Court reduce the rate at which his wages are currently being garnished in order to satisfy his restitution obligations from 4% to 1% of his monthly salary.

The Government, in response to Rodriguez's application, urges the Court not to expunge Rodriguez's criminal records because "[t]here is no general federal expungement statute and

1

federal courts do not have inherent authority to expunge records of a valid federal conviction." See Gov't's Letter, dated Apr. 25, 2019 ("Gov't's Apr. Letter"), at 2. The Government also argues that the Court "lacks jurisdiction to modify its original sentence," including restitution obligations. Id. at 3. And, in a letter to the Court dated June 4, 2019, the Government also contends that Petitioner is "certainly capable of continuing [his] modest [restitution] payment schedule." Gov't's Letter, dated June 4, 2019 ("Govt's June Letter"), at 2.

**For the following reasons, the Court respectfully denies Petitioner's request to expunge or seal his records, and the Petitioner's request to terminate or reduce his restitution/garnishment. [1]**

### The Offenses and Sentence

On June 27, 2002, Petitioner pled guilty to two counts of attempted Hobbs Act Robbery, in violation of 18 U.S.C. § 1951 and 18 U.S.C. §1349; one count of Hobbs Act Robbery, in violation of 18 U.S.C. §1951, and; one count of conspiracy to commit Hobbs Act Robbery, in violation of 18 U.S.C. §1951 and 18 U.S.C. §1349. On October 24, 2002, Rodriguez was sentenced to 108 months incarceration, followed by three years of supervised release. Petitioner was also ordered to pay restitution for the Hobbs Act Robbery and Conspiracy to commit Hobbs Act Robbery offenses in the amount of $460,000. Restitution was imposed as a joint and several liability with other co-defendants. Petitioner completed his incarceration on or about September 4, 2009, and was released from supervision in or about September 2012.

---

[1] Any issues or arguments not specifically addressed in this decision and order have been considered by the Court and rejected.

Petitioner's original restitution payment schedule of 20% of his monthly gross earnings was reduced by the Court to 10% of his gross monthly "revenue" on January 22, 2010. See Order, dated Jan. 22, 2010. On September 15, 2014, a garnishment order was entered "on consent," which provided that Petitioner's employer "shall pay the Government 10% of [Rodriguez's] gross earnings every pay period." Stipulation and Order of Garnishment, dated Sept. 15, 2014, at 2. The rate of garnishment was reduced from 10% to 4% on March 5, 2015. See Order, dated Mar. 5, 2015.

**II.    Legal Standard**

"In general, federal district courts do not have subject matter jurisdiction over motions to expunge or seal a valid conviction record, except in limited circumstances authorized by Congress." United States v. King, No. 14-CR-00357, 2017 WL 4326492, at *1 & n.1 (E.D.N.Y. Sept. 28, 2017); see also Doe v. United States, 833 F.3d 192, 196, 199 (2d Cir. 2016). These limited circumstances include certain minor drug offenses where the offender was under the age of twenty-one years old at the time of the offense. See Doe 833 F.3d at 199 (citing 18 U.S.C. §§ 3607(c), 5021(b)); Melvin v. United States, No. 18-MC-3359, 2019 WL 5394646, at *1 n.2 (E.D.N.Y. Oct. 21, 2019).

"It is well-established that a district court may not alter an imposed sentence, except in narrow circumstances . . . ." See United States v. Kyles, 601 F.3d 78, 83 (2d Cir. 2010); United States v. Zaman, No. 03-CR-0824, 2015 WL 778177, at *1 (E.D.N.Y. Feb. 24, 2015) ("[A] district court retains equitable authority under the Victim and Witness Protection Act to **modify** a payment *schedule* . . . [but, this authority] does not extend to **modifying** the *amount* of restitution." (emphasis and italics in original)).  A court may adjust a restitution payment schedule based on "any material change in the defendant's economic circumstances that might

3

affect the defendant's ability to pay restitution." See 18 U.S.C. § 3664 (k); see also United States v. Grant, 235 F.3d 95, 100 (2d Cir. 2000) (a material change is measured by "an objective comparison of a defendant's financial condition before and after a sentence is imposed").

### III.    Analysis

#### Petitioner's Request to Expunge His Criminal Conviction

"Federal courts … are courts of limited jurisdiction. . . . [T]he parties cannot confer subject matter jurisdiction where the Constitution and Congress have not." Doe, 833 F.3d at 196 (internal citations omitted). Congress has endowed courts with the ability to expunge criminal records only in limited circumstances such as minor juvenile drug offenses. Petitioner's convictions, by contrast, are for Hobbs Act Robbery, attempted Hobbs Act Robbery, and Conspiracy to commit Hobbs Act Robbery and were committed when he was 28 years old. Accordingly, Petitioner's crimes of conviction do not fall into the narrow circumstances delineated by Congress for expungement.

A court may also **not** exercise jurisdiction to expunge or seal records on grounds which are "premised on events that are unrelated to the sentencing and that transpire long after the conviction itself." Doe, 833 F.3d at 198; see also United States v. Lysaght, No. 97-CR-644 (LAK)(JLC), 2018 WL 5928461 at *1–2 (S.D.N.Y. Nov. 14, 2018) *adopted by*, Order, dated April 15, 2019 (denying motion to seal criminal records where petitioner feared that the growth of his business would be hampered by customer knowledge of his criminal conviction); United States v. Lazreg, No. 09-CR-399, 2016 WL 4939310, at *2–3 (E.D.N.Y. Sept. 14, 2016) (denying motion to expunge criminal conviction because of "employment and immigration difficulties").

The Court does not have jurisdiction to expunge criminal records based solely upon equitable grounds such as those cited by Petitioner, namely his belief that the criminal conviction(s) in this case may be preventing his advancement in the workplace. See Pet'r's Letter; Doe, 833 F.3d at 198. "Until the law changes, however, district courts have no jurisdiction to expunge criminal convictions on equitable grounds." Melvin v. United States, No. 18-CR-3359, 2019 WL 5394646, at *2 (E.D.N.Y. Oct. 21, 2019). Petitioner's request to expunge his records must therefore be denied.

### **Petitioner's Request to Terminate or Reduce Restitution Payments**

The Mandatory Victim Restitution Act, 18 U.S.C. § 3663A(a)(1) ("MVRA") states in pertinent part that "the court shall order … that the defendant make restitution to the victim of the offense." This process applies to "all sentencing proceedings for convictions of … a crime of violence, as defined in section 16." 18 U.S.C. § 3663A(c)(1)(A)(i). Courts may not modify the amount of restitution ordered at sentencing, except in limited circumstances none of which is present here. The circumstances which may warrant a modification in the amount of restitution owed are: (1) a motion by the Bureau of Prisons requesting such a modification, pursuant to 18 U.S.C. §3582(c); (2) as provided by statute or Federal Rule of Criminal Procedure 35; or (3) in the event that the Sentencing Commission reduces the applicable sentencing guidelines range pursuant to 28 U.S.C. § 994(o)). See Kyles, 601 F.3d at 83. Thus, the Court denies Petitioner's request to modify, or in this case eliminate, the total amount of restitution he must pay.

The Petitioner cites no specific change in his economic circumstances that causes his inability to meet his current payment schedule. He does not provide any non-speculative factual support for his claim of "hardship," or his claim that his restitution schedule has precluded his "future plans because there is a lean [sic] on my records." Pet'r's Letter; see also Zaman, 2015

WL 778177, at *1 ("[An] anticipated change in economic circumstances does not justify modification of a restitution payment schedule."). There has been, as the Government points out, "no material change in the defendant's economic circumstances" which would justify further modification of his payment schedule. See Gov't's June Letter, at 2.

The Court's ruling should not be interpreted to minimize the commendable progress that Petitioner appears to have made during and after supervision in obtaining and holding consistent and gainful employment, and otherwise being a law-abiding citizen. See also N.Y. Corr. Law, Art. 23-A, §§ 750-755; Melvin 2019 WL 5394646, at *2 n.4; King, 2017 WL 4326492, at *1. The Court encourages the Petitioner to continue to seek to better himself and to advance in his career.

**Conclusion and Order**

For the foregoing reasons, the Court denies Petitioner's request to expunge or seal his records, and the Court denies Petitioner's request to terminate or reduce his restitution/garnishment.

Dated: New York, New York
       February 24, 2020

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　**RICHARD M. BERMAN, U.S.D.J.**