**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | ***DECISION AND ORDER*** |
| | : | |
| -v- | : | 01 Cr. 497 (RMB) |
| | : | |
| REYNOLD RODRIGUEZ, | : | |
| | : | |
| Defendant. | : | |

---------------------------------------------------------------x

This Decision & Order resolves Reynold Rodriguez's ("Rodriguez") *pro se* motion ("Motion"), dated September 11, 2022, requesting that the Court (1) terminate or reduce his restitution obligation (the current balance due is approximately $442,413.11) and (2) seal court records related to his criminal conviction. *See* Motion, ECF 269. For the reasons stated below, the Motion is respectfully denied.[1]

### I.   Background

Rodriguez was a member of a conspiracy that engaged in several armed robberies. On June 27, 2002, he pleaded guilty to two counts of attempted Hobbs Act Robbery, in violation of 18 U.S.C. § 1951 and 18 U.S.C. § 1349; one count of Hobbs Act Robbery, in violation of 18 U.S.C. § 1951; and one count of conspiracy to commit Hobbs Act Robbery, in violation of 18 U.S.C. § 1951 and 18 U.S.C. § 1349. On October 24, 2002, the Court sentenced Rodriguez to 108 months incarceration, followed by three years of supervised release.  The Court also ordered Rodriguez to pay restitution in the amount of $460,000.  Rodriguez completed his incarceration on September 4, 2009. He completed his term of supervised release on September 3, 2012.

---

[1] Any issues or arguments raised by the parties but not specifically addressed in this Decision & Order have been considered by the Court and rejected.

1

On January 22, 2010, the Court reduced Rodriguez's monthly restitution payment from 20% of "gross earnings every pay period" to 10% of "gross earnings every pay period." *See* Order, ECF 196; *see also* Order, ECF 230. On September 15, 2014, a garnishment order was entered "on consent" which provided that Rodriguez's employer "shall pay the Government 10% of [Rodriguez's] gross earnings every pay period." Stipulation and Order of Garnishment, ECF 223. On March 25, 2015, Rodriguez's rate of garnishment was reduced to 4% of "gross earning every pay period." *See* Order, ECF 230.

On April 29, 2019, Rodriguez submitted a *pro se* motion requesting (1) termination or reduction of his restitution obligation and (2) expungement or sealing of court records relating to his criminal convictions. The Court denied that motion in an order dated February 24, 2020. *See United States v. Rodriguez*, 2020 WL 881991 (S.D.N.Y. Feb. 24, 2020) ("[T]he Court denies Petitioner's request to expunge or seal his records, and the Court denies Petitioner's request to terminate or reduce his restitution/garnishment.").

Rodriguez's Motion seeks substantially the same relief that the Court denied in its February 24, 2020 Order. Rodriguez states that "after [] 20 years I no longer have to pay in to restitution," and, in the alternative, that "the percentage [of gross earnings due every pay period] go down . . . ." Motion, ECF 269. Rodriguez also requests that the Court "seal my files regarding this matter [and] and case number so I can participate in certain political community affairs as well as trying to get employment with different government and state entities . . . as well as being able to vote. . . . I paid my debt to society and I am a law abiding citizen that pays taxes [and am] doing what's right . . . ." Rodriguez Letter dated Oct. 25, 2022, ECF 271.

The Government opposes Rodriguez's Motion stating that (1) "[u]nder the [Mandatory Victim Restitution Act, 18 U.S.C. §§ 3663A-3664], a sentence that imposes an order of restitution

is a *final judgment* . . . and there is no authority to remit unpaid restitution owed to victims of crime"; and (2) the Court "lacks jurisdiction to expunge the lawful convictions entered in this case." Gov't Opp'n dated Oct. 19, 2022, ECF 271, at 2–3 (emphasis in original). According to the Government, garnishment "ceased to be effective when Rodriguez changed employers, and he has not made a payment since April 2022." Gov't Opp'n at 2–3.

## II.    Rodriguez's Request to Terminate or Reduce Restitution

"It is well-established that a district court may not alter an imposed sentence, except in narrow circumstances . . . ." *United States v. Kyles*, 601 F.3d 78, 83 (2d Cir. 2010). Under the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. §§ 3663A-3664, a district court may reduce the total amount of restitution ordered at sentencing where a victim "later recover[s] as compensatory damages for the same loss" in a civil proceeding. *See* 18 U.S.C. § 3664(j); *see also United States v. Teeple*, 2016 WL 1328939, at *1 n.1 (S.D.N.Y. Apr. 5, 2016). The Court lacks authority under the MVRA to terminate or reduce the restitution amount owed by Rodriguez. *See Teeple*, 2016 WL 1328939, at *2 ("[P]ursuant to the MVRA, this Court does not have the authority to reduce the restitution amount . . . ."); *see also United States v. Zaman*, 2015 WL 778177, at *1 (E.D.N.Y. Feb. 24, 2015) (stating that district court's authority "does not extend to modifying the *amount* of restitution").

A court may adjust a restitution payment schedule—as opposed to the restitution amount—based on "any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution." *See Teeple*, 2016 WL 1328939, at *1 (citing 18 U.S.C. § 3664(k)). Here, Rodriguez does not proffer or cite any change in his economic circumstances that would warrant adjustment of his restitution payment schedule. *See id.* at *3; *see also Rodriguez*, 2020 WL 881991, at *3 ("The Petitioner cites no specific change in his economic circumstances

that causes his inability to meet his current payment schedule."). Rodriguez states that "I'm employed now with New York State." ECF 269. The Government correctly notes that Rodriguez "has not provided the completed financial statement requested by the Government or any supporting documentation to demonstrate a material change in his economic circumstances . . . ." Gov't Opp. at 3.

**The Court acknowledges and very much supports Rodriguez's efforts to successfully reintegrate into the community since his release from prison. Among other things, he has maintained steady employment and has paid approximately $17,586.89 in restitution.** *See* Gov't Opp. at 1, 3.

## III.   Rodriguez's Request to Expunge or Seal Conviction Records

"In general, federal district courts do not have subject matter jurisdiction over motions to expunge or seal a valid conviction record, except in limited circumstances authorized by Congress." *United States v. King*, 2017 WL 4326492, at *1 n.1 (E.D.N.Y. Sept. 28, 2017); *see also Doe v. United States*, 833 F.3d 192, 196-199 (2d Cir. 2016). Limited circumstances include, for example, minor drug offenses where the offender was under the age of 21 years old at the time of the offense. *See Doe*, 833 F.3d at 199 (citing 18 U.S.C. §§ 3607(c), 5021(b)); *see also Melvin v. United States*, 2019 WL 5394646, at *1 n.2 (E.D.N.Y. Oct. 21, 2019). Rodriguez's convictions were for Hobbs Act Robbery, attempted Hobbs Act Robbery, and conspiracy to commit Hobbs Act Robbery, and Rodriguez was 28 years old at the time of those offenses. Rodriguez's requests to "participate in certain political community affairs" and to vote—while noteworthy objectives— do not provide a legal basis for relief because "district courts have no jurisdiction to expunge criminal convictions on equitable grounds." *Melvin*, 2019 WL 5394646, at *1 n.2; *see also Doe*,

833 F.3d at 198 (finding district court lacked jurisdiction to expunge lawful conviction where petitioner argued that conviction record prevented her from maintaining employment).

## IV.    Conclusion

For the foregoing reasons, Rodriguez's request to terminate or reduce his restitution obligation [ECF 269] is respectfully denied. Rodriguez's request to expunge or seal court records related to his conviction is also denied.

Dated: New York, New York
      November 10, 2022

*Richard M. Berman*

**RICHARD M. BERMAN, U.S.D.J.**